| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| Chesapeake Exploration, LLC, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-11-3344 |
| Krescent Energy Partners II, LP, | § § | |
| Defendant. | § § | |

## Opinion on Interest

1.  *Introduction.*

    The owners of gas interests agreed to operate their properties jointly. After arbitrating the operator's accounting, the operator seeks to confirm the award. The other owner and the operator disagree on the meaning of the clause in the award about prejudgment interest. The award is clear; the operator will recover interest on the amounts as they became due.

2.  *Background.*

    Krescent Energy Partners II, LP, and Chesapeake Exploration, LLC, agreed to operate their properties jointly, sharing revenue and expenses. Chesapeake was the operator, and Kresent and it shared net revenue one-half each. The operating agreements for two wells – BP America A-303 number 1 and Henderson A0762 number1 – say that when costs exceed 125% of the estimates, Cheseapeake must tell Krescent. Chesapeake did not tell Krescent of the costs above the 125% limit until April of 2011. Krescent has not paid its share of the costs since January of 2009.

    In June of 2011, the parties arbitrated, and the award allowed Chespeake to recover the costs from Krescent. The award's paragraph 14 says that Chesapeake told Krescent of the cost overruns in April of 2011 and that, by not responding, Krescent had elected to consent. It also says that Krescent owes prejudgment interest on the entire amount at the rate in the operating agreements from the effective date of its elections.

3. *Interest.*

Krescent says that the award is clear; prejudgment interest on the entire amount runs from April of 2011. Chesapeake says that prejudgment interest runs from April of 2011 for the costs in excess of 125%. It says that prejudgment interest for other expenses runs from their due date. The arbitrator said, "I conclude that Krescent owes Chesapeake the entire amount that Chesapeake claims for the BP America and Henderson wells, plus prejudgment interest at the rate provided in the JOA from the effective date of its *elections.*"

The award is unambiguous. For the amount that exceeded 125%, prejudgment interest runs from April of 2011 – a date found by the arbitrator. The due dates of the other costs were clear when Krescent elected to consent. The arbitrator did not discuss when interest on the other amounts would begin to accrue because they were not an issue. Only the overage assessment was in dispute. He did not specify the interest rates because they varied by due date according to a floating rate based on the Treasury rate plus three percent.

Krescent stopped paying after January of 2009. When it did not pay the costs it had authorized, it owed prejudgment interest on those amounts from the due dates.

4. *Conclusion.*

The award is clear; it requires no clarification by the arbitrator. Chesapeake Exploration, LLC, recovers from Krescent Energy Partners II, LP, prejudgment interest at the contract rate from the dates that its cost shares were due. The election date of April of 2011 and its interest calculation apply only to the costs exceeding 125% of estimated costs.

Signed on March 22, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge